**Rully RONDONUWU; Esther Jouke Tompunu, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 03–74610.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel P. Hanlon, Esquire, Janet Hong, Hanlon & Greene, Pasadena, CA, for Petitioners.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Julia K. Doig, Esquire, Jacqueline R. Dryden, Esquire, Melissa Neiman Kelting, Esquire, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Rully Rondonuwu and his wife, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Hoxha v. Ashcroft*, 319 F.3d 1179, 1181–82 n. 4 (9th Cir.2003), we deny the petition for review.

▮ The record does not compel the conclusion that changed circumstances excused the untimely filing of Rondonuwu's asylum application. *See* 8 C.F.R. § 208.4(a)(4); *Ramadan v. Gonzales*, 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). In addition, Rondonuwu failed to establish that the agency did not consider adequately the country conditions evidence. *See Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir.2007). Therefore, we deny the petition as to Rondonuwu's asylum claim.

▮ Substantial evidence supports the denial of withholding of removal because, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir.2004) applies in the context of with-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

holding of removal, Rondonuwu has not demonstrated a clear probability of future persecution. *See Hoxha,* 319 F.3d at 1184–85.

**PETITION FOR REVIEW DENIED.**